**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| **GREEN GOBLIN, INC.,** | : | **Bky. No. 09-11239 ELF (DISMISSED)** |
| | : | |
| Former Debtor. | : | |

| | | |
|---|---|---|
| | : | |
| **GREEN GOBLIN, INC.,** | : | |
| | : | |
| Plaintiff, | : | **Adv. No. 09-067** |
| | : | |
| v. | : | |
| | : | |
| **WARREN SIMONS,** | : | |
| | : | |
| Defendant. | : | |

# <u>O R D E R</u>

**AND NOW WHEREAS:**

A.  Venom, Inc. ("Venom") filed a voluntary chapter 11 bankruptcy petition on **January 22, 2009**.

B.  Green Goblin, Inc. ("Green Goblin") and its affiliate, Sabertooth, LLC ("Sabertooth") filed voluntary chapter 11 bankruptcy petitions on **February 23, 2009**.

C.  On **March 6, 2009**, Green Goblin, Sabertooth and Venom commenced an adversary proceeding ("the AP") against Warren Simons and Alan Simons, docketed at Adv. No. 09-067.

D.  By orders dated **April 8, 2009**, the Green Goblin, Sabertooth and Venom bankruptcy cases were jointly administered under the Venom case number.

E.  Simons filed a secured proof of claim in the Venom bankruptcy case on **June 30, 2009** and

an amended proof of claim on **August 21, 2009.**  On its face, the amended proof of claim

appeared to be filed as to all three (3) jointly-administered debtors.[1]

F.   On **July 20, 2009**, Venom filed an objection to Simons' proof of claim.  (Bky. No. 09-10445,

Doc. # 189).

G.   On **October 22, 2009**, on Simons' motion, the court consolidated the pending objection to

his proof of claim with trial of the AP.  (Bky. No.  09-104455, Doc. # 290).

H.   Venom's bankruptcy case was converted to a chapter 7 by order entered on **February 24,**

**2010**.[2]

I.   As of **January 18, 2011**, as a result of pretrial motions and the parties' stipulations in the AP,

Venom, Sabertooth and Alan Simons all were dismissed as parties, leaving only Green

Goblin as the sole plaintiff and Warren Simons (hereafter, "Simons") as the sole defendant.

---

[1]      Simons' initial and amended proof of claim (and the attachment thereto) both indicated
that Simons' claim was secured by the real property located at located 431 West Valley Forge
Road, King of Prussia, PA.  That real property was owned by Sabertooth solely (and not Venom or Green
Goblin).  Further, it does not appear that Simons' claim was secured by any Green Goblin property.
However, it is undisputed that both Green Goblin and Sabertooth (but not Venom) executed notes in
favor of Simons' predecessor in interest. See In re Green Goblin, Inc., 470 B.R. 739, 746 (Bankr. E.D.
Pa. 2012).  Therefore, it is fair to treat Simons' claim as being asserted against both Sabertooth and
Green Goblin.  Presumably, Simons filed the proof of claim under the Venom case number because of
the joint administration order.

[2]      The conversion of the case left Sabertooth and Green Goblin as the two (2) remaining,
chapter 11 debtors.  As a result, on **February 24, 2010**, the court entered an order terminating the joint
administration of the Venom case with the other two (2) cases, but continuing the joint administration of
the Sabertooth and Green Goblin cases under the Sabertooth case number.  (See Bky. No. 09-10445, Doc.
# 441; Bky. No. 09-11239, Doc. # 48).

     The Venom chapter 7 case proceeded on a separate track from the jointly administered
Sabertooth and Green Goblin cases.  On **September 20, 2010**, the chapter 7 trustee filed a no-asset report
in the Venom case.  The court approved the report and closed the Venom case on **May 4, 2012**.

-2-

(See Adv. No. 09-067, Doc. #'s 29, 35, 68, 148).

J. By order entered **June 16, 2011** ("the Dismissal Order"), the court dismissed both the

Sabertooth and Green Goblin bankruptcy cases.  (See Bky. No. 09-11237, Doc. # 298; Bky.

No. 09-11239, Doc. # 57).

K. The Dismissal Order provided that, notwithstanding the dismissal of the Green Goblin

bankruptcy case, the court retained jurisdiction over the pending AP.  See In re Smith, 866

F.2d 576 (3d Cir. 1989); In re Stardust Inn, Inc., 70 B.R. 888 (Bankr. E.D. Pa. 1987).

L. On **May 11, 2012**, following a trial held and concluded on **September 8, 2011**, the court

entered judgment in favor of Defendant Simons and against Plaintiff Green Goblin in the AP

for the reasons stated in the accompanying Opinion.  See Green Goblin, 470 B.R. at 759.[3]

*     *     *     *

M. On **September 7, 2012**, just under fifteen (15) months after the dismissal of the Green

Goblin bankruptcy case and approximately four (4) months after entry of judgment in his

favor in the AP, Simons filed a Complaint against Green Goblin in the Court of Common

Pleas of Montgomery County, Pennsylvania ("the State Court"), at No. 2012-00947, asserting

a claim for breach of contract, based on the asserted breach of the same promissory note that

was the basis of his proof of claim in the Green Goblin and Sabertooth bankruptcy cases.  See

n.1, supra.

---

[3]     Green Goblin appealed the **May 11, 2012** order to the U.S. District Court.  The appeal
remains pending at this time.

N.  On **October 31, 2012**, Green Goblin filed Preliminary Objections to Simons' Complaint in

the State Court, asserting that the Complaint was barred by the doctrine of <u>res judicata</u> (in

that Simons' monetary/contract claim was waived when Simons did not attempt to prove an

entitlement to money damages in the AP or was denied on the merits because the bankruptcy

court did not enter a money judgment in Simons' favor following trial of the AP).

O.  Essentially, Green Goblin contends that when the bankruptcy court dismissed the Green

Goblin bankruptcy case but retained jurisdiction over the AP, it also intended to retain

jurisdiction over the objection to Simons' proof of claim in order to permit the court to

adjudicate the merits of the Simons' claim against Green Goblin.[4]

P.  On **December 3, 2012**, Simons filed a Motion for Clarification, or Alternatively, For

Reconsideration and Modification Of the Court's Order of June 15, 2011 ("the Motion").

(Adv. No. 09-067, Doc. # 220).

Q.  In the Motion, Simons contends that the Dismissal Order did not provide for the court's

retention of jurisdiction over the claim objection and requests that this court expressly state as

much.

R.  Green Goblin filed a response to the Motion on **December 17, 2012**.

---

[4]        Green Goblin suggests that the court's intent to retain jurisdiction over both the AP and
the claim objection may be inferred from: (a) its prior consolidation of the two (2) matters for trial; (b)
the retention of jurisdiction over the AP; and (c) the absence of any language in the court's order
severing the claim objection from the AP.

        I also note an unstated assumption in Green Goblin's argument: <u>i.e.</u>, that the objection to
the proof of claim, **filed by Venom** (a party that was dismissed from the AP), also was Green Goblin's
objection to the proof of claim.  While this assumption may not be correct, given the tangled procedural
history of the related bankruptcy cases and the structure of the underlying transaction between Green
Goblin and Simons' predecessor in interest, discussed at length in the court's last opinion, <u>see</u> <u>Green
Goblin</u>, 470 B.R. at 744-47, the assumption is at least understandable.  Because it makes no difference in
the outcome of the present dispute, I will accept it <u>arguendo</u>.

S. After a hearing held on **January 9, 2013**, both parties submitted letter-briefs to the court, the

last of which was filed on **February 4, 2013**.

\*      \*      \*      \*

T. The grounds raised in Green Goblin's Preliminary Objections in the State Court suggest that

the existence of this court's **October 22, 2009** order, consolidating the objection to Simons'

proof of claim and the AP for trial, may have created a latent ambiguity regarding the

meaning  and effect of the Dismissal Order.

U. In providing for the retention of jurisdiction of the AP in the Dismissal Order, this court

unequivocally had no intention of retaining jurisdiction over the objection to Simons' claim

(previously consolidated for trial with the AP).[5]

---

[5]      I retained jurisdiction of the AP in the interest of justice partly because the proceeding
was at a relatively advanced stage and partly because this court was familiar with the subject matter, but
**mostly**, due to a concern that a non-merits dismissal would prejudice Green Goblin.  In particular, I was
concerned that the statute of limitations on Green Goblin's claim had expired and that the Pennsylvania
savings statute was inapplicable.  See In re Jewelcor, Inc., 517 F.3d 672, 675 (3d Cir. 2008) (42 Pa. C.S.
§5535(a) does not preserve a time-barred claim in Pennsylvania state court if the claim first was
commenced in federal court).

There is no question that the Dismissal Order did not expressly exclude the contested
matter arising from the claim objection from the "retention of jurisdiction" provision.  However, the only
reason it did not do so is that the intended, limited effect of the retention of jurisdiction provision
of the Dismissal Order was obvious as a matter of law.  It was unnecessary to state expressly that the
court was retaining jurisdiction of **only** the AP and the claim objection.

Green Goblin's suggestion that the court intended to retain jurisdiction of a contested
matter involving an objection to a proof of claim while simultaneously dismissing the underlying
bankruptcy case is nothing short of bizarre.  Green Goblin appears to assume that an objection to a proof
of claim has some viability and existence that is independent from the underlying bankruptcy case and
therefore, that it can be adjudicated after dismissal of the bankruptcy case.  However, as one court has
observed:

(continued...)

V.  This court has the legal authority to clarify the prior Dismissal Order.[6]

_____

[5](...continued)

> A proof of claim is not a complaint; rather, it is the vehicle by which a creditor makes its claim known to the court and other parties in interest when a debtor declares bankruptcy, thereby enabling the court to adjudicate that claim according to the provisions of the Bankruptcy Code and the Rules of Bankruptcy Procedure. If anything, the filing of a proof of claim is a defensive act, taken by creditors who wish to protect their interests and right to distribution after the debtor has taken the affirmative step of filing for bankruptcy.

In re Bozich, 1996 WL 870716, at *3 (Bankr. D. Ariz. Dec. 11, 1996).

The purpose of a proof of claim "is to alert the court, trustee, and other creditors, as well as the debtor, to claims **against the estate**," Adair v. Sherman, 230 F.3d 890, 896 (7th Cir. 2000) (emphasis added); see also In re Stern, 70 B.R. 472, 476 (Bankr. E.D. Pa. 1987) (per Fox, J.), and to "permit the creditor to participate in the distribution . . . **of the estate**," In re Horlacher, 2009 WL 903620, at *4 (N.D. Fla. Mar. 31, 2009) (emphasis added); see also In re Dwiggins, 359 B.R. 717, 723 (Bankr. W.D. Ark. 2007).  With the dismissal of the case, property of the bankruptcy estate revests in the debtor (or other entity that owned the estate property pre-petition).  See 11 U.S.C. §349(b)(3).  The dismissal order terminates the bankruptcy estate.  See In re Lomagno, 320 B.R. 473, 478 (B.A.P. 1st Cir. 2005); In re Garnett, 303 B.R. 274, 278 (E.D.N.Y. 2003).

If there is no bankruptcy estate, it is obvious that there is no reason to resolve an objection to a proof of claim that seeks a distribution against the (now) non-existent bankruptcy estate.  Indeed, it may not be an overstatement to suggest that an objection to a proof of claim is mooted or abated as a matter of law by the dismissal of the underlying bankruptcy case.  In fact, the Opinion accompanying the entry of judgment in the AP describes the status of the claims objection as "moot." Green Goblin, 470 B.R. at 744 n.4.

The above recitation states fundamental principles of bankruptcy law that were embedded in the Dismissal Order.  It was not necessary for the Dismissal Order to re-state the obvious.

[6]        There are a number of potential sources for this court's authority to clarify its prior order.

The first such potential source is Fed. R. Civ. P. 60(a) (incorporated by Fed. R. Bankr. P. 9024).  However, as Simons recognizes, in this Circuit, Rule 60(a) likely does not apply in the circumstances presented here.  See Pfizer, Inc. v. Uprichard, 422 F.3d 124, 130 (3d Cir. 2005) ("It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a)") (quoting In re W. Tex. Mktg., 12 F.3d 497, 504-05 (5th Cir. 1994))).  But cf. Garamendi v. Henin, 683 F.3d 1069, 1079 (9th Cir. 2012) (Rule 60(a) allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented or to permit

(continued...)

W. In light of the complex procedural history of these bankruptcy proceedings, the possible

unfamiliarity of the State Court with the some of the technical nuances of bankruptcy law

procedure, and to assist the State Court in ruling on the Preliminary Objections pending

before by providing the State Court with the correct interpretation of the Dismissal Order, it

is appropriate and in the interest of justice for this court to exercise its discretion to clarify the

meaning of the Dismissal Order.[7]

---

[6](...continued)
enforcement).  Consequently, Simons suggests that this court may act under either Rule 60(b)(6) or its
inherent powers.  I agree.

Rule 60(b)(6) provides that relief from a final judgment may be granted for "any other
reason that justifies that relief."  It is well established that subsection (b)(6) is a catch-all and that relief
may not be granted under subsection (b)(6) if the request could have been brought under any other
subsection of Rule 60(b).  E.g., Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 n.11
(1988); Estate of Sinclair v. County of Union, 2011 WL 3417115, at *2 n.2 (D.N.J. Aug. 3, 2011).  The
parties appear to agree that subsection (b)(6) is the only basis under Rule 60 to which Simons may be
entitled to relief.

In this Circuit, the conventional view is that relief under Rule 60(b)(6) can be granted
only in "extraordinary" or "exceptional" circumstances.  See Budget Blinds, Inc. v. White, 536 F.3d 244,
255 & n.13 (3d Cir. 2008).  However, this standard typically is employed when a litigant is seeking to
modify the substantive terms or is seeking to vacate the entirety of a final order.  At least one court has
suggested that the standard under Rule 60(b)(6) for a clarification of a final order may be less stringent:
"While the key purpose of Rule 60 is to allow the district court to relieve the parties from the mandate of
a judgment previously rendered . . . **the Rule is also utilized** to provide the parties with a clarification of
the court's previously rendered decision."  In re FleetBoston Fin'l Corp. Securities Litigation, 2007 WL
4225832, *18 (D.N.J. Nov. 28, 2007) (emphasis added); see also Knox v. Lichtenstein, 661 F.2d 693,
694 (8th Cir. 1981) (Rule 60(b)(6) authorizes court to clarify prior dismissal order); American Life Ins.
Co. v. Parra, 2003 WL 22999543, at *1 & n.1 (D. Del. Dec. 22, 2003) (in absence of extraordinary
circumstances, court considered the merits of a motion to clarify a prior order filed under Rule 60(b)(6)).

[7]       Following the FleetBoston Fin'l case, and without regard as to whether the
circumstances here are "extraordinary" or "exceptional," I am satisfied that clarification of my prior
order is reasonable and appropriate in order to avoid a potential injustice (i.e., the state court's denial of
Simons' claim on the erroneous ground that his contractual claim for payment against Green Goblin was
at issue in the AP in the bankruptcy court).

(continued...)

It is therefore, **ORDERED** and **DETERMINED** that:

1. The Motion is **GRANTED**.

2. In order to **CLARIFY** its meaning, the prior text of Paragraph 2 of the Dismissal Order (as

   defined in Paragraph J., <u>supra</u>) is **REPLACED AND SUPERSEDED BY** the following:

> ***2.*** ***Notwithstanding the dismissal of the Green Goblin bankruptcy case, the court
> retains jurisdiction in*** <u>***Green Goblin, Inc. v. Simons,***</u> ***Adv. No. 09-067.*** <u>***See***</u> <u>***In***</u>
> <u>***re Smith***</u>***, 866 F.2d 576 (3d Cir. 1989);*** <u>***In re Stardust Inn, Inc.,***</u> ***70 B.R. 888
> (Bankr. E.D. Pa. 1987). This retention of jurisdiction is limited solely to
> claims asserted in Adv. No. 09-067 and*** <u>***does not include***</u> ***the contested matter
> (arising from the objection to the proof of claim of Warren Simons) previously
> consolidated for trial with Adv. No. 09-067***.

3. In addition to docketing this Order in Adv. No. 09-067, the Clerk **SHALL DOCKET** the

   Motion, Green Goblin's response, the parties' post-hearing submissions and this order in

---

[7](...continued)

> Further, even if the traditional "exceptional" or "extraordinary" circumstances Rule
60(b)(6) standard applies, I find that the standard has been satisfied. This case is analogous to <u>Kramer v.
Gates</u>, 481 F.3d 788, 793 (D.C. Cir. 2007) in which the court held that clarification of the judgment
under Rule 60(b)(6) was necessary because the opposing party attempted to attach conditions to its
compliance with the judgment. Here the clarification is necessary due to the argument that Green Goblin
is asserting – an argument that is clearly erroneous in the specialized area of bankruptcy law – in
another court regarding the meaning of the bankruptcy court's Dismissal Order. As in <u>Kramer</u>, the need
for clarification arises from the unexpected conduct of the party opposing the request for clarification.

> Rule 60(b)(6) also requires that the request for relief is made within a reasonable time.
<u>E.g.</u>, <u>Martinez-McBean v. Gov't of Virgin Islands</u>, 562 F.2d 908, 913 n.7 (3d Cir. 1977). Here, in light
of the fact that the asserted latent ambiguity in the Dismissal Order was not brought to his attention until
October 31, 2012, when Green Goblin filed its Preliminary objections to Simons' state court complaint, I
am satisfied that Simons' clarification request to this court, made thirty-four (34) days later, was made
within a reasonable period of time.

> Finally, to the extent that I have inherent authority or authority under 11 U.S.C. §105(a),
independent of Rule 60(b), to enter an order clarifying the Dismissal Order, I exercise my authority to do
so in the interest of justice for the reasons expressed in this footnote.

Bky. No. 09-11237 and Bky. No. 09-11239.[8]

Date:  **February 13, 2013**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

---

[8] Although the Motion was filed in the AP, it actually sought a modification of an order entered in Green Goblin's main bankruptcy case (as well as in Sabertooth's main bankruptcy case).  As no substantive rights are affected by the procedural irregularity of filing the Motion in the AP rather than the main bankruptcy cases, I will treat the Motion as having been filed in the main bankruptcy cases.  I have included Paragraph 3 above in this order In the interest of transparency.